## J. C. BURCH *v.* TERRY PERKINS.

**Judicial Sales—Commissioner—Judgment of Court.**

Where a judgment excepts from a sale, of lands, "except the share of B., one of the heirs above," etc., the commissioner has no power to sell all the land, but must first set apart the portion coming to the heir.

APPEAL FROM MADISON CIRCUIT COURT.

June 13, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The judgment in the case of Perkins' heirs on petition, directs that the land of the ancestor of the petitioners should be sold *"except the share of Lydia Burch, one of the heirs above,"* her share is to be allotted off of the above tract of land by agreement of the other heirs, the residue will be exposed at public sale to the highest bidder on the premises."

No other judgment for a sale of the land was rendered in the case, consequently, the commissioner had no authority or power to sell the share of Mrs. Burch in the land of her father; but it was his duty under the judgment to set apart to her, her portion of the land and sell the residue. And if he did attempt to sell her part, could not invest the purchaser with the title, nor could she be divested without her conveyance thereof by privy examina-

tion as directed by the Statute; and this was not done.

Whether or not the conveyance of her husband of her part of the land to an innocent purchaser for a valuable consideration without notice might not have invested him with the title we need not now decide as the question is not before us. Appellee was a party to the suit of Perkins' heirs for a sale of the land and slaves, and had actual notice of the precise condition of the title; and urged that as a reason why his vendor Burch should sell it to him at not more than one half its value.

Besides Burch paid nothing for the land, it was paid for by deducting from the price the share of Mrs. Burch in her father's estate, and the residue of the price was paid out of the price for which she sold eight acres and a fraction of the same land.

As the commissioner's deed to J. Burch, and his sale and conveyance to appellee created an impediment, and obscured appellant's title by a cloud, she had a right to maintain her suit to remove the impediment, and to dissipate the cloud from her reversionary interest in one half of the land which she derived as one of the heirs of her mother. And this was eminently proper before the land passed into the hands of an innocent purchaser. And this she was entitled to under her prayer for general relief.

Appellee is entitled to the land during the life of James Burch who is tenant by the curtesy, and to one half thereof in fee, under his purchase from James C. Burch, one of the heirs of Mrs. Lydia Burch, and as to him the petition was properly dismissed. But as to Susan Ann Burch the judgment dismissing the petition was erroneous; and the same is reversed, and the cause is remanded for a judgment for further proceedings consistent with this opinion.

*Turner, for appellant.*
*Burnam, for appellee.*